JUDGE STANTON

**10 CV · 9492**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC., | Civil Action No. |
| Plaintiffs, | |
| v. | (JURY TRIAL DEMANDED) |
| REGENT BABY PRODUCTS CORP. d/b/a BABY KING, | |
| Defendant. | |



## COMPLAINT

Plaintiffs Luv n' care, Ltd. and Admar International, Inc. (collectively, "Plaintiffs") by their attorneys, hereby complain of Defendant Regent Baby Products Corp. d/b/a Baby King ("Defendant") as follows:

## JURISDICTION AND VENUE

1.     This is an action for trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125; design patent infringement under 35 U.S.C. §§ 271 and/or 289; and for unfair competition under the law of the State of New York.  This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 15 U.S.C. § 1121, and has jurisdiction over the state claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.  The state claims asserted herein are so related to the Lanham Act claim as to form part of the same case or controversy.

2.      This action arises from Defendant's unfair and deceptive business practices, offer for sale, sale, and distribution of products which are deceptive copies of Plaintiffs' product designs, trademarks and trade dress.

3.      On information and belief, this Court has personal jurisdiction over Defendant since Defendant has engaged in acts constituting doing business in this State, including in this judicial district, and has intentionally directed their tortious activities toward New York, including this judicial district.  Defendant has delivered their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this State, including in this judicial district.

4.      Venue in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5.      Plaintiff Luv n' care, Ltd. ("Luv n' care") is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

6.      Plaintiff Admar International, Inc. ("Admar") is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201. Admar is an affiliate of Luv n' care.

7.      Defendant Regent Baby Products Corp. d/b/a Baby King ("Baby King") is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 180-20 Liberty Avenue,

Jamaica, New York 11412.  Baby King is a nationwide distributor of baby products.

## FACTS

### PLAINTIFFS' INTELLECTUAL PROPERTY

8.  Plaintiff Luv n' care is one of the leading baby product companies in the world today.  Luv n' care and its brands are well known throughout the United States and foreign countries as a result of the popular products that it has designed, introduced, and commercialized in interstate and international commerce for use by babies and young children.

9.  Admar is the owner of various United States Trademark Applications and Registrations, under which trademarks Luv n' care sells goods throughout the United States under exclusive rights from Admar.

10.  Plaintiffs have used their trademarks on a wide variety of children's and infants' products sold in interstate commerce, including, but not limited to, children's no-spill drinking cups, baby bottles, infant pacifiers, and so forth.  Plaintiffs have generated hundreds of millions of dollars in revenue from the sale of goods under their trademarks.

11.  Significant time, funds, and effort were also expended in designing and developing esthetically appealing and attractive product designs for Plaintiffs' goods.

12.  Significant sums of money, time, and effort were also expended in promoting and popularizing Plaintiffs' goods.

13.    As a result of Plaintiffs' design efforts and promotional activities, Plaintiffs' products designs, trademarks and or trade dress have all become widely known throughout the United States and worldwide, and associated with Plaintiffs.

14.    Plaintiffs' products are among the most popular and well known products in their industry, and their line of products is famous throughout the country and the world.

15.    The appearance of Plaintiffs' original design of its no-spill children's drinking cups, including its "Gripper Cup," "Flip-it," "Hard Spout" and "Grip n' sip" cups (collectively, "No-Spill Cups") are distinctive symbols which serve as trademarks or trade dress of Luv n' care's products in interstate commerce, both in the United States and worldwide.

16.    The design and appearance of Plaintiffs' No-Spill Cups have acquired secondary meaning, and are recognized as identifying Plaintiffs' high-quality products and services.

17.    Plaintiffs' intellectual property including their trademarks, trade dress and their associated goodwill, directed to its No-Spill Cups, are all valuable assets of Plaintiffs.

18.    The appearance of Plaintiffs' original designs of its Brites Pacifiers ("Pacifiers") are distinctive symbols which serve as trademarks or trade dress of Luv n' care's products in interstate commerce, both in the United States and worldwide.

19.     The design and appearance of Plaintiffs' Pacifiers has acquired secondary meaning, and is recognized as identifying Plaintiffs' high-quality products and services.

20.     Plaintiffs' intellectual property including their trademarks, trade dress and their associated goodwill, directed to its Pacifiers, are all valuable assets of Plaintiffs.

21.     Baby King has offered for sale, sold and distributed false, unauthorized copies of Plaintiff's No-Spill Cups and Pacifiers to consumers throughout the United States.

22.     Baby King's bad faith activities have caused and will continue to cause a likelihood of deception and confusion in the marketplace among consumers, and extensive damage to Plaintiffs and their business, goodwill and reputation.

## DEFENDANT'S INFRINGEMENT OF
## PLAINTIFFS' "GRIPPER CUP" PRODUCT DESIGN

23.     Attached as Exhibit 1, is an image of a Luv n' care "Gripper Cup" product next to an image of Defendant's first generation copy thereof.

24.     The image on the right-hand side of Exhibit 1 depicts Luv n' care's original no-spill children's drinking cup, known as its "Gripper Cup."

25.     On the left side of Exhibit 1, is an image of the deceptive and confusing first generation knock-off that Defendant has sold, and is upon information and belief, continuing to sell, in interstate commerce.

26.     Attached as Exhibit 2, is an image of a Luv n' care "Gripper Cup" product next to an image of Defendant's second generation copy thereof.

27.     The image on the right-hand side of Exhibit 2 depicts Luv n' care's original no-spill children's drinking cup, known as its "Gripper Cup."

28.     On the left side of Exhibit 2, is an image of the deceptive and confusing second generation knock-off that Defendant has sold, and is continuing to sell, in interstate commerce.

29.     Attached as Exhibit 3, is an image of a Luv n' care "Gripper Cup" cap next to an image of Defendant's copy of thereof.

30.     The image on the right-hand side of Exhibit 3 depicts Luv n' care's "Gripper Cup" cap.

31.     On the left side of Exhibit 3, is an image of the deceptive and confusing knock-off that Defendant has sold, and is continuing to sell, in interstate commerce.

32.     The overall appearance of Luv n' care's "Gripper Cup" product is protectable, distinctive, primarily non-functional trade dress.  Luv n' care's trade dress includes the combination and arrangement of the following elements of its cap and cup, when the cap and cup are considered individually, as well as the combination and arrangement of the following elements of the cap and cup when the cap and cup are attached together.

33.     With respect to the no-spill drinking product's cap, Luv n' care's trade dress includes the combination and arrangement of an oval-shaped,

clear-silicone spout, resting on a circular, disc-like insert that is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance, the cap being a custom-colored, bell-shaped cap with relief impressions along the sides.

34.     With respect to Luv n' care's trade dress in its cup, the cup is a clear or custom-colored translucent cup having a hour-glass shape in front and back; the top portion of the cup possesses a hood-like design that starts at the top and extends in a fluid, curved form downward ending near the bottom of the cup; the middle portion of the cup has a series of inset wave and ripple-like grooves that extend in a concave fashion toward the interior of the cup; the bottom and top of the cup have a bulbous-like shape, with the top being more round than the bottom of the cup.

## DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' "FLIP-IT" PRODUCT DESIGN

35.     Attached as Exhibit 4, is an image of a Luv n' care's "Flip-it" product.

36.     Attached as Exhibit 5, is an image of the deceptive and confusing knock-off that Defendant has sold, and is continuing to sell in interstate commerce.

37.     The overall appearance of Luv n' care's "Flip-it" cup is protectable, distinctive, primarily non-functional trade dress. Luv n' care's trade dress includes the combination and arrangement of the following

elements of its cap, when the cap is considered individually, as well as the combination and arrangement of the following elements when the cap and cup are attached together.

38. With respect to the no-spill drinking product, Luv n' care's trade dress includes the combination and arrangement of a flip-top "football helmet" shaped cap, and a ring shaped base, when the cap is considered individually, and when attached to a cup.

## DEFENDANT'S INFRINGEMENT OF
## PLAINTIFFS' "HARD SPOUT" PRODUCT DESIGN

39. Attached as Exhibit 6, is an image of a Luv n' care "Hard Spout" product.

40. Attached as Exhibit 7, is an image of the deceptive and confusing knock-off that Defendant has sold, and is upon information and belief, continuing to sell, in interstate commerce.

41. The overall appearance of Luv n' care's "Hard Spout" cup is protectable, distinctive, primarily non-functional trade dress. Luv n' care's trade dress includes the combination and arrangement of the following elements of its cap and cup, when the cap and cup are considered individually, as well as the combination and arrangement of the following elements of the cap and cup when the cap and cup are attached together.

42. With respect to Luv n' care's trade dress in its cup, the cup is a custom-colored translucent, generally cylindrical shaped cup having a

slightly wider upper portion; the cup having a design appearing on the body of the cup.

43.    With respect to Luv n' care's trade dress in its cap, the colored or tinted inner dome cap portion sits on an outer ring cap portion; the outer ring cap portion sits on the body of the cup; the inner dome cap portion having a spout with a bulb-like base and a relatively pointed top.


## DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' "GRIP N' SIP" PRODUCT DESIGN

44.    Attached as Exhibit 8, is an image of a Luv n' care "Grip n' sip" product.

45.    Attached as Exhibit 9, is an image of the deceptive and confusing knock-off that Defendant has sold, and continuing to sell, in interstate commerce.

46.    The overall appearance of Luv n' care's "Grip n' sip" cup is protectable, distinctive, primarily non-functional trade dress.  Luv n' care's trade dress includes the combination and arrangement of the following elements of its cap and cup, when the cap and cup are considered individually, as well as the combination and arrangement of the following elements of the cap and cup when the cap and cup are attached together.

47.    With respect to the no-spill drinking product's cap, Luv n' care's trade dress includes the combination and arrangement of an oval-shaped, clear-silicone spout, resting on a circular, disc-like insert that is convex,

raised above and resting on the cap, providing a ridged or rounded layered-like appearance the cap being a custom-colored, bell-shaped cap with relief impressions along the sides.

48.     With respect to Luv n' care's trade dress in its cup, the cup is a custom-colored translucent, generally cylindrical shaped cup having two handles upwardly extending from the base area of the cup, and curving away from and then back toward the cup, with each handle hanging free at the top, and with a colored contrasting overlay on each of the handles.


## DEFENDANT'S INFRINGEMENT OF
## PLAINTIFFS' "BRITES PACIFIER" PRODUCT DESIGN

49.     Attached as Exhibit 10, is an image of Luv n' care's "Brites Pacifiers" product.

50.     Attached as Exhibit 11, is an image of the deceptive and confusing knock-off that Defendant has sold, and is continuing to sell, in interstate commerce.

51.     The overall appearance of Luv n' care's Pacifiers are protectable, distinctive, primarily non-functional trade dress.  Specifically, Luv n' care's trade dress includes a combination of its colored contoured plastic shield with upper and lower rounded indentations thereon, a cap shaped handle, and an arcuate pattern of holes on each side of the nipple, the arcuate pattern on each side including a single large center hole and smaller lateral holes.

### False Designation, Confusion, Dilution
### by Blurring and Tarnishment

52.     Defendant is profiting from sales of those unauthorized knock-offs.

53.     The trade and consuming public are likely to be misled into believing that the unauthorized knock-offs of Plaintiff's No-Spill Cups and Pacifiers originate with or are otherwise authorized, sponsored and/or licensed by, or associated with the Plaintiffs.

54.     Defendant is using Plaintiffs' No-Spill Cup and Pacifier designs to trade off of Plaintiffs' reputation and goodwill and to create deception in the marketplace.

55.     Defendant is also blurring and tarnishing the distinctive quality of Plaintiffs' famous and extremely strong and distinctive product design, trade dress and trademarks associated with its No-Spill Cups and Pacifiers.

56.     Upon information and belief, Defendant in connection with goods and containers for goods, have used in commerce words, terms, names, symbols or devices, or combinations thereof, false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which: are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendant with the Plaintiffs and as to the origin, sponsorship, and approval of Defendant's goods, services and commercial activities.

57.    Upon information and belief, Defendant, in commercial advertising and promotion, have misrepresented the nature, characteristics, qualities and geographic origin of their goods and commercial activities.

58.    Plaintiffs' marks, including, their product designs, and packaging and the marks thereon, are widely recognized by consumers of children and infant care products and by the general consuming public of the United States as a designation of source of Plaintiffs' goods.

59.    Plaintiffs' trademarks and trade dress concerning its No-Spill Cups and Pacifiers are not functional.

60.    Defendant's activities are causing and likely to cause dilution of Plaintiffs' trade dress and trademarks, including by blurring and by tarnishment.

## WILLFUL INFRINGEMENT

61.    Defendant's activities have been deliberate and willful.

62.    Defendant is familiar with Plaintiffs' original designs to its No-Spill Cups and Pacifiers, and has deliberately chosen to reproduce, copy and sell its unauthorized product.

63.    Defendant's actions have caused and are causing irreparable damage to Plaintiffs, their business and their reputation.

64.    Plaintiffs have been extensively damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant are restrained and enjoined by this Court.

## COUNT I
## LANHAM ACT TRADE DRESS INFRINGEMENT
## AND UNFAIR COMPETITION:
## (15 U.S.C. § 1125(a))

65.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1-64 of this Complaint, as though fully set forth herein.

66.     This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

67.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

68.     On the basis of the foregoing paragraphs, Defendant is intentionally using product trademarks and trade dress confusingly similar to Plaintiffs' trademarks and trade dress to its No-Spill Cups and Pacifiers in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiffs.

69.     Defendant's activities, in selling and offering for sale merchandise under products which are confusingly similar to Plaintiffs' No-Spill Cups and Pacifiers, constitutes unfair competition, false designation of origin, and false description and representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

70.     Plaintiffs have no adequate remedy at law. As a result of the aforesaid acts of Defendant, Plaintiffs are suffering irreparable harm, and

will continue to do so, unless Defendant are restrained and enjoined by this Court from continuing to commit the aforesaid acts.

71.     Defendant's acts of trademark and trade dress infringement and unfair competition were and are willful and deliberate.

72.     Defendant have profited from their improper activities.

73.     Plaintiffs have suffered, and continue to suffer, substantial damages as a result of Defendant's bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT II
## FEDERAL TRADEMARK DILUTION

74.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-73 as if fully set forth herein.

75.     The trademarks and trade dress associated with Plaintiffs' No-Spill Cups and Pacifiers are famous.

76.     These marks qualify as famous trademarks under the meaning of the Federal Trademark Dilution Act of 1995, Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

77.     Defendant's actions in using Plaintiffs' famous marks in commerce is causing, and continue to cause, actual dilution of the distinctive quality of Plaintiffs' marks, including blurring and tarnishment of Plaintiffs' marks.

78.     Defendant has willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiffs' marks.

14

79.    By reason of the foregoing, Plaintiff has been injured in an amount to be determined by this Court, and is entitled to the remedies provided for in the Lanham Act, 15 U.S.C. § 1114, et seq.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK LAW

80.    Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-79 of this Complaint, as though fully set forth herein.

81.    This claim arises under the common law of the State of New York.

82.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

83.    Plaintiffs have created and promoted their child and baby products, including their trademarks, packaging and trade dress, through extensive time, labor, skill and money.

84.    Defendant has misappropriated the results of that labor and skill and those expenditures of Plaintiffs.

85.    Defendant has used trademarks and trade dress that are identical to or confusingly similar to Plaintiffs', for identical or highly similar goods, in competition with Plaintiffs, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of the trade dress and packaging.

86.     By knowingly using confusingly similar product trade dress for identical or highly similar goods, to compete against Plaintiffs' goods, Defendant has misappropriated a commercial advantage belonging to Plaintiffs.

87.     Defendant has also engaged in bad faith misappropriation of the labors of Plaintiffs which is likely to cause confusion, and to deceive purchasers as to the origin of the goods, and which dilutes the value of Plaintiffs' No-Spill Cups and Pacifiers trademarks and trade dress.

88.     Defendant's actions have caused significant commercial damage to Plaintiffs.

89.     Defendant's business conduct is illegal and actionable under the common law of unfair competition of the State of New York.

90.     Plaintiffs have been injured by Defendant's illegal actions and are entitled to the remedies provided under New York law.

## COUNT IV
## VIOLATION OF NEW YORK
## GENERAL BUSINESS LAW SECTION 360-1

91.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-90 as if fully set forth herein.

92.     Defendants' misappropriation and infringement creates a likelihood of injury to Plaintiffs' business reputation and dilution of the distinctive quality of Plaintiffs' No-Spill Cups and Pacifiers in violation of Section 360-1 of the New York General Business Law.

93.     Defendant's activities have also created actual injury to Plaintiffs' business reputation and actual dilution of the distinctive quality of Plaintiffs' No-Spill Cups and Pacifiers.

94.     By reason of the foregoing, Plaintiffs have been injured by Defendants' illegal actions and are entitled to the remedies provided for in the New York General Business Law.


**COUNT V**
**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE BUSINESS RELATIONS:**

95.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1-94 of this Complaint, as though fully set forth herein.

96.     This claim arises under the common law of the State of New York.

97.     Plaintiffs have sold their No-Spill Cups throughout the world to third party customers.  Plaintiffs have business relationships with such third parties.  One such customer is Dollar General Corporation.

98.     Upon information and belief, Defendant has engaged in unauthorized copying of Plaintiffs' No-Spill Cups, and has acted to induce customers including, but not limited to, Dollar General Corporation, to purchase the illegal No-Spill cups of Defendant instead of the authorized, legitimate, No-Spill cups of Plaintiffs.

99. Upon information and belief, Defendant has acted with the sole purpose of harming Plaintiffs or used dishonest, unfair or improper means to cause harm and injury to Plaintiffs.

100. Defendant lacked lawful privilege or justification to engage in their wrongful acts.

101. Defendant's actions constitute tortious interference with Plaintiffs' prospective business contractual relations.

102. Plaintiffs have suffered actual and significant damage and loss due to Defendants' illegal actions.

## DAMAGES

103. Plaintiffs have been extensively damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including lost sales, lost profits and damage to its reputation and good will, as well as a disgorgement of Defendant's revenues and profits.

104. Plaintiffs request that this honorable Court assess enhanced and punitive damages against Defendant in the fullest amount permissible by law, in view of the egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiffs, as set forth above.

## JURY TRIAL DEMAND

105.    Pursuant to Rule 38, Fed. R. Civ. P. Plaintiffs hereby demand a trial by jury on all issues set forth herein that a properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Luv n' care and Admar respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.      That Defendant be adjudged to have engaged in federal unfair competition and trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125 and unfair competition under the common law of the State of New York;

B.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in any activities which infringe Plaintiffs' rights in its products or advertising materials, including Plaintiffs' rights in its trademarks and trade dress;

C.      That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from making, using, importing, offering for sale and selling any products or packaging which infringe

Plaintiffs' trademark and trade dress;

D.      That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from selling or marketing merchandise in any way that tends to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or affiliated with Plaintiffs;

E.      That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiffs;

F.      That each of the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Plaintiffs and Plaintiffs' products;

G.      That each Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in further deceptive and unfair business

practice with respect to Plaintiffs;

H.     That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in further acts of tortious interference with Plaintiffs' existing and prospective contractual and business relations;

I.     That each Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

J.     That Defendant be required to account for and pay over to Plaintiffs any and all revenues and profits derived by them and all damages sustained by Plaintiffs by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, and all applicable law;

K.     That Defendant be required to account for and pay over to Plaintiffs such actual damages as Plaintiffs have sustained as a consequence of Defendant's infringement of Plaintiffs'

trademarks and trade dress, and to account for and pay to Plaintiffs all of Defendant's gains, revenues, profits and advantages attributable to or derived by Defendant's infringement of Plaintiffs' federal, state and common law rights;

L.     That each such award of damages be enhanced to the maximum available for each infringement in view of each of Defendant's willful infringement of Plaintiffs' rights;

M.     That each Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

N.     That Plaintiffs be awarded punitive damages because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

O.     That Plaintiffs recover the costs of this action including their expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1117 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an exceptional case warranting such award;

P.     That Plaintiffs be awarded prejudgment and post-judgment

interest;

Q.      That Plaintiffs obtain all further relief permitted under the laws

of the United States and the State of New York; and,

R.      Those Plaintiffs obtain all such other and further relief as the

Court may deem just and equitable.


Dated: December 21, 2010

Morris E. Cohen (MC-4620)
Lee. A. Goldberg (LG-9423)
GOLDBERG COHEN LLP
1350 Avenue of the America, 4th Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
Mcohen@goldbergcohen.com
Lgoldberg@goldbergcohen.com

Of Counsel:
Joe D. Guerriero (Bar No. 06391)
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)
joed@luvncare.com

Attorneys for Plaintiffs Luv n' care,
Ltd. and Admar International, Inc.