UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.,

                Plaintiffs,

          - against -

REGENT BABY PRODUCTS CORP.
d/b/a/ BABY KING,

                Defendant.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/14

**MEMORANDUM OPINION
AND ORDER**

10 Civ. 9492

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       On December 11, 2013, I granted defendant's motion for partial summary judgment on plaintiffs' federal trade dress infringement claims as to its flip-top cap and hard spout cup and cap combination and plaintiffs' state law claim for tortious interference with prospective business relations. On December 26, 2013, plaintiffs filed a motion seeking reconsideration of my ruling on the federal trade dress infringement claims. For the following reasons, plaintiffs' motion for reconsideration is denied.

       *First*, plaintiffs' motion is untimely. Plaintiffs have brought this

1

motion under Federal Rule of Civil Procedure 60(b)[1] and defendant has treated it as such.[2] However, Rule 60(b) permits relief "from a *final* judgment, order, or proceeding" (emphasis added). The December 11, 2013 Opinion and Order granted defendant's motion for *partial* summary judgment. Because that decision did not fully adjudicate the parties' claims, it was not appealable and thus not final for the purposes of Rule 60(b).[3] Therefore, plaintiffs' motion for reconsideration cannot be brought under Rule 60(b). Rather, plaintiffs must proceed under Local Rule 6.3 which requires litigants to bring motions for reconsideration within fourteen days of the initial determination, unless otherwise provided by the Court. The instant motion is denied as untimely because plaintiffs filed the motion for reconsideration fifteen days after my initial order and did not seek an extension of the deadline from the Court.

---

[1] *See* 12/26/13 Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration of the Court's Opinion and Order Granting Defendant's Motion for Partial Summary Judgment ("Pl. Mem."), at 1.

[2] *See* 1/10/14 Defendant's Memorandum of Law in Opposition to Plaintiffs' Rule 60(b) Motion, at 2-5.

[3] *See* 12 James Wm. Moore et al., Moore's Federal Practice, § 60.23 (2011) ("The standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed."); *United States v. 228 Acres of Land & Dwelling*, 916 F.2d 808, 811 (2d Cir.1990) ("An order that denies summary judgment or grants partial summary judgment cannot by itself be the basis for an appeal, since it is nonfinal.").

2

*Second*, even if plaintiffs' motion was considered on its merits, plaintiffs have presented no evidence or argument justifying reconsideration of the December 11, 2013 Opinion and Order. The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict in order to "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[4] "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[5] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[6]

Plaintiffs assert that the December 11, 2013 Opinion and Order did not adequately consider the "total image embodying [Luv n' Care's] trade dress" or the "physical products" of either plaintiff or its competitors.[7] I appropriately

---

[4] *AEP-PRI Inc. v. Galtronics Corp. Ltd.*, No. 12 Civ. 8981, 2013 WL 5289740, at *1 (S.D.N.Y. Sept. 19, 2013) (quoting *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)).

[5] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[6] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

[7] Pl. Mem. at 1.

considered the disputed trade dress's total image in concluding that it is generic, including plaintiffs' own description of the trade dress, as well as physical examples and over fifty different catalog images, full color photographs and other exhibits submitted by Regent as part of its motion for partial summary judgment. Plaintiffs now want the Court to consider additional physical products, but it was free to submit these at any point during the extensive briefing on Regent's motion and cannot do so now for the first time on reconsideration. Plaintiffs also argue for the first time that Regent failed to show that the "trade dress became generic before Regent entered the market."[8] Again, plaintiffs may not use a motion for reconsideration to raise new arguments for the first time when they were free to raise them during the original briefing.[9]

For the above reasons, plaintiffs' motion for reconsideration is denied. The Clerk of the Court is directed to close plaintiffs' motion [Dkt. No. 115].

---

[8] *Id.* at 2-3.

[9] Plaintiffs' remaining arguments are frivolous. Plaintiffs argue that Regent "conceded" a material issue of fact by stating that its own products are different from LNC's. However, a statement about Regent's products does not raise a material issue of fact as to whether *LNC*'s products are generic. Plaintiffs also claim that their state law unfair competition claims can proceed on generic trade dress. While this may be true, the December 11, 2013 Opinion and Order only addressed the federal Lanham Act claim raised by defendant on its motion for partial summary judgment.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           January 23, 2014

## -Appearances-

**For Plaintiffs:**

Lee A. Goldberg, Esq.
Morris E. Cohen, Esq.
Goldberg Cohen, LLP
1350 Avenue of the Americas, Suite 425
New York, New York 10019
(646) 380-2087

**For Defendant:**

James J. Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 573-7825

John T. Johnson, Esq.
David Tadahiko Yaegashi, Esq.
John Stephen Goetz, Esq.
Kristen A. McCallion, Esq.
Fish & Richardson P.C.
601 Lexington Ave, 52nd floor
New York, New York 10022
(212) 765-5070