UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.,

              Plaintiffs,

        - against -

REGENT BABY PRODUCTS CORP.
d/b/a/ BABY KING,

             Defendant.

------------------------------------------------ X

**MEMORANDUM OPINION
AND ORDER**

**10 Civ. 9492**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.  BACKGROUND

Luv n' Care, Ltd. and Admar International, Inc. (collectively, "LNC")
bring this infringement action against Regent Baby Products Corp. d/b/a Baby
King ("Regent").  On February 8, 2013, I ordered a partial stay of proceedings
"pending further developments with respect to the reexaminations of the patents in
suit, such stay being applicable to the patent causes of action only."[1]  On October
23, 2013, LNC voluntarily withdrew its claims of infringement as to nine of the

---

[1]     Dkt. No. 80.

fourteen products in this case.[2]  On December 11, 2013, I granted Regent's motion

for partial summary judgment on plaintiffs' federal trade dress infringement claims

as to its flip-top cap and hard spout cup and cap combination and plaintiffs' state

law claim for tortious interference with prospective business relations.[3]  On

January 23, 2014, I denied LNC's motion for reconsideration.[4]

On January 28, 2014, Regent requested a "stay [of] the remainder of

this case until final resolution of the pending design patent reexaminations" in light

of the significant narrowing of the issues as a result of plaintiffs' voluntary

dismissal and the partial summary judgment ruling.[5]  LNC opposes the stay and

separately requests that the Court "certify its partial summary judgment and

Reconsideration decisions for interlocutory appeal."[6]  Regent opposes the request

---

[2]      *See* 10/23/13 Stipulation of Partial Dismissal with Prejudice and
10/23/13 Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion
For Summary Judgment, at 1, n.1.

[3]      *See* Dkt. No. 114.

[4]      *See* Dkt. No. 123.

[5]      1/28/14 Letter from Kristen McCallion, Counsel for Defendant, to the
Court ("1/28/14 McCallion Ltr."), at 1.

[6]      1/31/14 Letter from Morris Cohen, Counsel for Plaintiffs, to the Court
("Cohen Ltr."), at 1.

for certification.[7] For the following reasons, defendant's request for a stay is GRANTED and plaintiffs' request for certification is DENIED.

## II.   DISCUSSION

### A.   Regent's Request for a Stay

Regent argues that a stay of the remainder of the case is now appropriate because "[t]he only federal claims that remain are LNC's trade dress and design patent infringement claims on two soft spout cups that allegedly share a clear, soft, silicone drinking spout. This shared spout is claimed in one of LNC's asserted design patents" currently being reexamined.[8] LNC opposes the argument for the following reasons. *First*, because "Regent is not a party to the reexamination proceedings, [it] would not be bound by reexamination rulings in LNC's favor."[9] *Second*, in addition to the patent claims, LNC has viable federal trade dress and state law unfair competition claims as to the soft spout cups that should be allowed to proceed without "remain[ing] in limbo" during the reexamination and appeal period.[10] Finally, LNC argues that it still has viable state

---

[7]    *See* 2/4/14 Letter from McCallion to the Court (2/4/14 McCallion Ltr.").

[8]    1/28/14 McCallion Ltr. at 1.

[9]    1/31/14 Cohen Ltr. at 1.

[10]    *Id.* at 2.

3

law unfair competition claims as to the hard spout and flip top cups.[11]

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."[12] It follows that the decision to issue a stay is "firmly within a district court's discretion."[13] "There are several reasons why a court might decide to stay proceedings in a lawsuit," including "enter[ing] a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed" if such a stay would be "in the interests of judicial economy."[14]

The movant "bears the burden of establishing its need" for such a stay.[15] "If there is even a fair possibility that the stay for which he prays will work damage to some one else," the movant "must make out a clear case of hardship or

---

[11]    *See id.*

[12]    *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). *Accord WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir.1997).

[13]    *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2009 WL 435298, at *3 (S.D.N.Y. Feb. 23, 2009).

[14]    *LaSala v. Needham & Co. Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

[15]    *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

4

inequity in being required to go forward."[16]

Courts balance the following factors in deciding whether to grant a

stay:

> (1) the private interests of the plaintiffs in proceeding
> expeditiously with the civil litigation as balanced against the
> prejudice to the plaintiffs if delayed; (2) the private interests of
> and burden on the defendants; (3) the interests of the courts; (4)
> the interests of persons not parties to the civil litigation; and (5)
> the public interest.[17]

Courts applying these factors have concluded that the stay of a federal action is

appropriate "in light of a concurrently pending federal action (either because the

claim arises from the same nucleus of facts or because the pending action would

resolve a controlling point of law)."[18]

*First*, LNC's first argument that Regent is not bound by a validity

ruling in the reexamination is not persuasive because I already considered it when

deciding whether to enter a partial stay as to the patent claims.  I chose to enter the

partial stay because compelling both parties to undergo extensive discovery on

potentially meaningless patent issues would be wasteful and prejudicial.

---

[16]     *Tradewinds*, 2009 WL 435298, at *3 (quotation omitted).

[17]     *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y.1996)
(quotation omitted).

[18]     *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455
(S.D.N.Y. 2003).

*Second*, I acknowledge that LNC's federal trade dress and state law unfair competition claims as to the soft spout cups would be viable regardless of the outcome of reexamination. I am also sympathetic to plaintiffs' argument that this case has already been pending for over three years and that a substantial amount of fact discovery and motion practice has been completed. However, LNC does not explain what discovery, if any, has been completed as to the soft spout products. The discovery and motion practice completed over the past three years has moved this litigation forward. There are significantly fewer issues in this case today than there were in 2010 and the issues that do remain overlap with those patent issues on which I already decided a stay is warranted. It would prejudice both parties and be an extraordinary drain on limited judicial resources to bifurcate the case by type of claim. This would result in two trials over the same exact products – once on federal trade dress and state unfair competition claims and then once again on patent claims.

Finally, LNC argues that my partial summary judgment ruling on the hard spout and flip top cups did not address its state law unfair competition claims over those products because Regent did not move for summary judgement on that ground. It is true that I did not address the viability of LNC's state law unfair competition claims in the partial summary judgment motion because the parties did

6

not raise the issue.  However, in light of that ruling, those claims are no longer
viable.

      "Under New York law, common law unfair competition claims
closely resemble Lanham Act claims except insofar as the state law claim may
require an additional element of bad faith or intent."[19]  "'[B]ecause plaintiffs[']
claims fail under the Lanham Act'" their "'claims necessarily also fail[] under New
York common law.'"[20]  Thus, the only remaining federal or state claims in this case
pertain to the soft spout cups.  In light of the various considerations in this case, a
stay of the entire litigation pending the outcome of the reexamination proceedings
is warranted.

### B.    LNC's Request for Certification

      LNC requests that the Court certify its partial summary judgment and
reconsideration decisions for interlocutory appeal under the "'collateral order
doctrine' which permits interlocutory appeal of decisions that 'finally determine
claims of right separable from, and collateral to, rights asserted in the action, too

---

[19]    *Genesee Brewing Co., Inc. v. Stroh Brewing Co.*, 124 F.3d 137, 149
(2d Cir. 1997) (quotations omitted).

[20]    *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 443 (S.D.N.Y. 2011)
(quoting *SLY Magazine, LLC v. Weider Publ'ns L.L.C.*, 529 F. Supp. 2d 425,
442–43 (S.D.N.Y. 2007)).  *Accord Gary Friedrich Enters., LLC v. Marvel Enters.*,
713 F. Supp. 2d 215, 227 (S.D.N.Y. 2010) (dismissing New York unfair
competition claim because of failure to state a Lanham Act claim).

important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'"[21] As Regent notes in its response, the collateral order doctrine does not apply in this case because those decisions "relate[] specifically to the merits of the action" and are "reviewable on appeal."[22] The applicable standard for determining whether to certify these decisions for interlocutory appeal is 28 U.S.C. § 1292(b).

Section 1292(b) allows a district judge to certify a question or order to the appellate court when it is "not otherwise appealable under this section" if she is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[23]

While resolution of this issue might advance the termination of this litigation, LNC's request does not raise a controlling question of law, "a new legal question or [a legal issue] of special consequence" appropriate for interlocutory

---

[21]    1/31/14 Cohen Ltr. at 2 (quoting *Jemott v. Coughlin*, 85 F.3d 61, 65-66 (2d Cir. 1996)).

[22]    2/4/14 McCallion Ltr. at 1.

[23]    *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

review.[24] For the foregoing reasons, defendant's request for a stay is GRANTED and plaintiffs' request for certification is DENIED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 13, 2014

_____

[24]     *Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 500, 511 (2009).

9

**-Appearances-**

**For Plaintiffs:**

Lee A. Goldberg, Esq.
Morris E. Cohen, Esq.
Goldberg Cohen, LLP
1350 Avenue of the Americas, Suite 425
New York, New York 10019
(646) 380-2087

**For Defendant:**

James J. Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 573-7825

John T. Johnson, Esq.
David Tadahiko Yaegashi, Esq.
John Stephen Goetz, Esq.
Kristen A. McCallion, Esq.
Fish & Richardson P.C.
601 Lexington Ave, 52nd floor
New York, New York 10022
(212) 765-5070